IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KENNETH ROSHAUN REID
(Plaintiff)

vs.

1:18CV84

UNITED STATES OF AMERICA
or UNITED STATES    (Defendant)

FILED
SCRANTON
JAN 11 2018
Per_____ AMO
DEPUTY CLERK

"COMPLAINT PURSUANT (FTCA-LAWSUIT)
title 28 USC §§ 1346(b) and 2671, 2675(a)

Plaintiff Kenneth Roshaun Reid now moves to your honorable Court seeking full relief in moneytary damages for the $40,000 in punitive, compensatory damages for the negligence, Constitutional violations, food poisoning by USP Lewisburg staff against him. Plaintiff has already Exhausted available remedies through his Form 95 Completion on the issue.

Plaintiff meets the 2 year deadline to file his FTCA-LAWSUIT under the 8th Amendment

① An administrative claim has been presented on a Form 95 to the Regional office, but was denied. But they offered a settlement of $100.00 dollars but Plaintiff declined.

Plaintiff has shown that the evidence demonstrates that he suffered from food poisoning, which is a medical condition that can be established by expert testimony. See Perdieu v. Blackstone Family Practice Center, Inc. 264 Va 408 568 SE 2d 203 211 (Va 2002)

Plaintiff has established that by a reasonable degree of medical probability, that he suffered the medical condition he complains of which is "Salmonella Poisoning". Which a may major amount of the SMU or USP Lewisburg population contracted or caught the poisoning and numerous officers also had it.

The defendants conceded to the fact that they were responsible for the food poisoning of plaintiff Kenneth Reid and other inmates and offered plaintiff a settlement of $100.00 dollars, but plaintiff refused it and asked defendants to reconsider his $40,000 dollar asking price or go to trial. Plaintiff will except settlement if a reasonable payment is offered or go to trial. Plaintiff has over 30 witnesses to the incident and more if need be presented including staff members.

The present case that Plaintiff presents is similar to the case of Salmonella poisoning at USP Canaan which sickened hundreds of inmates the exact same thing occured at USP Lewisburg.

②

The Salmonella food poisoning at USP Lewisburg was a widespread outbreak where hundreds of inmates and staff got sick. USP Lewisburg also suspended its foodservice operation immediately after the outbreak in order to remedy the food-borne contagion in the prison. The essentially undisputed evidence further reveals that the defendant prison supervisors reinstated this foodservice after about two weeks of serving inmates bag lunches which were ordered to replace any use of the kitchen's contaminated supplies.

The issue as to whether there is a genuine issue for dispute is clear. There clearly was a suspension of the Kic Kitchen function, kitchen staff and a decontamination of all kitchen equipment area for weeks and a quaranteen cleaning of inmate cells in A,B,C,D,E,F,X, units at USP Lewisburg and several hundreds of inmates hospitalized at the institutional Medical Center area and staff wearing protection masks on their faces, hands, body to keep them from contaminating themselves.

(3) On _____ USP Lewisburg was placed on Lockdown while the prison officials and Health Services department address the outbreak of what appeared to be widespread food poisoning. The outside hospital advised officials at USP Lewisburg that the test results returned positive for Salmonella virus even Dr's address all inmates of this epidemic diagnosis (Dr. Edinger)

Plaintiff's Pro-Se Complaint should be construed liberally under Haines v. Kerner 404 US 519 30 L Ed 2d 652 The United States Supreme Court holds allegations of a pro-se complaint to less stringent standards than formal pleadings drafted by Lawyers

Plaintiff Kenneth Roshaun Reid's Due Process was violated because Medical staff's actions of destroying his (stoole sample) denied him the right he's entitled to which is an opportunity to offer proof (Haines v. Kerner 404 US 519

The Court has jurisdiction under 28 USC §1346(b)

Plaintiff's case is similar to Legrand v. Unitedstates Dist Lexis 119611 2016 Sept, 6 (2016)

④

Disposition by federal agency as prerequisite: evidence

28 USC § 2675(a)   Federal Tort Claim Lawsuit

(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or ommission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counter claim.

(5)

# PARTIES INVOLVED

USP Lewisburg staff, Correctional officers
FOOD SERVICE Staff USP Lewisburg
Medical Staff USP Lewisburg

All under title of UNITED STATES FOR FTCA purposes



# CLAIMS

USP Lewisburg Food service, medical staff

1) Food poisoning by Food service staff
2) Food-born illness
3) Medical negligence - because medical staff destroyed Plaintiff Reids stoole sample test results in an effort to not be sued by Plaintiff. "Destruction of Exculpatory Evidence" proves negligence.

4) 8th Amendment violation

⑦

## §15.2 The Federal Tort Claims Act

The Federal Tort Claims Act permits a federal prisoner to bring an action against the United States for injuries caused by the tortious acts of its employees. To the extent that the claim is subject to FTCA jurisdiction, sovereign immunity is waived. However, federal prisoners are not restricted to the FTCA redressing Constitutional violations by prison authorities. Remedies can be pursued under the BIVENS doctrine. Federal prison officials do not have absolute immunity from BIVENS actions under the FTCA. The FTCA is not an equally effective remedy as a BIVENS claim. FTCA damages remain recoverable only against the United States and not against individuals, and punitive damages are unavailable under the FTCA. A jury trial cannot be demanded; and the FTCA remedy depends on the law of the place where the act or omission occured.



# Affadavit of Truth

on _____,

Plaintiff suffered vomiting and abdominal pain, dizzyness, Diarrhea, nausea for weeks, headaches and had to be given remedies for dehydration, given liquids. Plaintiff was given antibiotics for the stomach bacterial in his stomach and given Metronidazole meds for the gastritis and gastroduodenitis condition. Plaintiff gave a stoole sample along with 100 other inmates and the first couple of inmates all tested positive for Food poisoning (Saliminella) poisoning. So medical staff destroyed all the other Stoole samples in order to escape liability of being sued by plaintiff and other inmates which amounted to "destroying of Evidence" that had exculpatory Value in an effort to escape liability. Staff protecting staff. Medical staff were protecting Food Service staff by destroying plaintiffs Stoole sample. When plaintiff wrote medical to report, ask what was the result of his stoole sample the Medical staff wrote back that his stoole sample had been "canceled". Several inmates who got tested and gave stoole samples at the same time that plaintiff Reid did tested positive for Saliminella Food Poisoning.

⑨

I swear under the Penalty of perjury that the foregoing is true and Correct to the best of my Knowledge under the laws of the United States an title 28 USC §1746   Kenneth R. Reid

# FACTS

1) Plaintiff gave a stoole sample to Medical staff

2) Plaintiff was placed in a quarenteen cell, moved from D-unit to X-unit.

3) Plaintiff had diarrhea, stomach pain, vomiting for days

4) Food service later decontaminated the food preparation and service areas

5) The entire kitchen was sanitized, the entire institution was sanitized following the wide spread complaints of food poisoning.

6) Several staff members also contacted the Food-born illness an had to be sent home.

7) Medical staff canceled all stoole samples after numerous amounts of inmates tested positive for "Saliminella" food poisoning "Salmonella Food Poisoning"

(Affadavit)

From plaintiffs symptoms suggest that plaintiff suffered from Salmonella Food Poisoning. All of or most of the inmates at USP Lewisburg suffered from Salmonella enteridis enteritidis after a Lunch meal at USP Lewisburg. See Koster v. Scotch Assocs, 273 NJ Super 102, 640 A2d 1225 (N.J. Super Ct Law Div 1993) plaintiffs argument should prevail under the ~~strict~~ rule of strict liability because plaintiff only ate at USP Lewisburg at the time of the food poisoning incident. The food handling practices at USP Lewisburg were inadequate therefore USP Lewisburg is strictly liable for injuries suffered by Plaintiff. The incubation period and the duration of the symptoms strongly suggest that plaintiff and other Inmates suffered from food poisoning from Salmonella. Plaintiffs symptoms very well could have been Shingella Flexneri that can be contacted from toilets, by touch of hand, or any object touched by hand. The cause of plaintiffs illness was food that he consumed at USP Lewisburg that was prepared by food service staff and was the only food that plaintiff had access to being Lockeddown 23 hours a day in the same cell in the SMU Program for 2½ years. The evidence of food poisoning is undisputed here in plaintiffs case. The record of the numerous amounts of inmates infected at the time with a food born illness will establish this factually occured to multiple inmates and Plaintiff.

10

On _____, Plaintiff Kenneth Rashaun Reid was food poisoned by food service staff at USP Lewisburg, from one of the meals he ate along with the entire inmate population. All of the inmates did not suffer from headaches, diarrhea, vomiting, gastronites, nausea for weeks as Plaintiff and his cellmate Zavion Canada did, but alot of other inmates suffered the same illness. Plaintiff was given a stoole sample test which tested positive for "Salmonella Poisoning" but the medical staff destroyed the stoole sample evidence which amounts to Tampering with Exculpatory evidence that had Exculpatory Value that medical didn't want the plaintiff to have in his defense against the UnitedStates and its defendants. Medical staff were eager to not get sued, thats why they destroyed the evidence (Stoole samples) because almost the entire institution was getting sick, even some staff members got sick and had to go home for days to recover. Plaintiff also suffered from abdominal cramps, bloating, chills, aches, eye irritation, Medical only gave plaintiff Gatorade and Antibiotic Medication

11

## Certificate of Service

I swear under the penalty of perjury that the foregoing is true and correct to the best of my knowledge under the laws of the Unitedstates and title 28 USC § 1746 sign: Kenneth R. Reid

USP BIG SANDY
P.O. BOX 2068
INEZ, KY 41224

## Relief Sought

To get $40,000 dollars in Punitive damages, $20,000 $20,000 Compensatory damages for food poisoning.

Will except Settlement out of cart if offered the offer has to start at 20,000 and move upward

12



**U.S. Department of Justice**

Federal Bureau of Prisons

*Northeast Regional Office*

*Via Certified and Return Receipt Mail*

*U.S. Custom House-7th Floor*
*2nd & Chestnut Streets*
*Philadelphia, PA. 19106*

December 13, 2017

Kenneth Reid, Reg. No. 11485-171
USP Big Sandy
P.O. Box 2068
Inez, KY 41224

    RE:    Reconsideration
            Administrative Claim No. TRT-NER-2017-01277

Dear Mr. Reid:

    Your request for reconsideration of Administrative Claim No. TRT-NER-2017-01277 properly received on June 16, 2017, has been considered for settlement as provided by the Federal Tort Claims Act (FTCA), 28 U.S.C. §2672, under authority delegated to me by 28 C.F.R. §543.30. Damages are sought in the amount of $2,500.00 based on a personal injury claim. Specifically, you allege you became ill after being served contaminated food at USP Lewisburg. You claim you continue to suffer physical ailments and request an increased offer of settlement.

    After a careful review of the reconsideration, I have decided to offer an increased settlement of $200.00. This amount is based upon our assessment of the relative value of your claim, based on your symptoms and treatment as verified in your medical record, and other factors. This is neither an admission nor denial of government liability.

    If this amount is acceptable for settlement, please complete the highlighted portions and sign the enclosed voucher and promptly return it to this office for processing. If the offer is unacceptable, suit may be brought against the United States in the appropriate United States District Court within six (6) months of the date of this letter.

                                                   Sincerely,

                                               Joyce M. Horikawa
                                             Acting Regional Counsel

cc: David J. Ebbert, Warden, USP Lewisburg



KENNETH ROSHAUN REID
Resister # 11485-171
UNITED STATES PENITENTIARY, BIG SANDY
P.O. BOX 2068
Inez, KY 41224