DJF:SSD:mel

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENNETH ROSHAUN REID,** | : | **No. 1:18-CV-0084** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **(Rambo, J.)** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **Defendant** | : | **Filed Electronically** |

## DEFENDANT'S PRETRIAL MEMORANDUM

### A.   FEDERAL COURT JURISDICTION

Plaintiff filed this negligence action against the United States pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq.*  This Court has jurisdiction under the provisions of 28 U.S.C. § 1346(b).

### B.   SUMMARY STATEMENT OF FACTS AND CONTENTIONS AS TO LIABILITY

#### 1.   <u>Facts</u>:

This is a negligence case concerning a salmonella illness outbreak at the U.S. Penitentiary in Lewisburg, Pennsylvania in late November 2016.  Plaintiff was sickened for approximately 8 to 12 days following his likely exposure to salmonella bacteria.

2.      **Administrative Tort Claim History**:

On November 27, 2016, Plaintiff submitted an administrative tort claim to the Bureau of Prisons in the amount of $30,000.00 because he "contracted a food born illness or food poisoning at USP Lewisburg around 11-18-16" and experienced "diarrhea, temperature, dizziness, high blood pressure [and] nausea." The BOP offered Plaintiff a settlement amount.  On June 16, 2017, Plaintiff sought reconsideration and the BOP offered an increased settlement amount.  On January 11, 2018, Plaintiff filed this FTCA lawsuit against the United States.

3.      **Contentions as to Liability**:

The United States concedes liability, and agrees that Plaintiff was sickened for approximately 8 to 12 days in late November 2016 following his likely exposure to salmonella bacteria at USP Lewisburg.  The only issue remaining for the Court is the appropriate amount of damages.

C.      **COMPREHENSIVE STATEMENT OF PROPOSED UNDISPUTED FACTS**

1.      This is a tort action against the United States of America alleging negligence by employees of the Federal Bureau of Prisons.

2.      Plaintiff became sick for approximately 8 to 12 days as the result of a food-borne illness at USP Lewisburg in November 2016.

3.      Plaintiff experienced food poisoning symptoms such as stomach pain, dizziness and diarrhea.

4.      Other inmates at USP Lewisburg became sick from salmonella bacteria during the same time-period in November 2016.  It is likely Plaintiff's illness during this same time was also caused by exposure to salmonella bacteria.

5.      Plaintiff stated in his SF-95 administrative claim that he contracted food poisoning at USP Lewisburg around November 18, 2016.

6.      Plaintiff first reported his sickness to USP Lewisburg medical staff on November 22, 2016.

7.      By November 28 and 29, 2016, Plaintiff reported he was starting to feel better and his medical records note improvement from the previous days.

8.      Plaintiff continued to report some symptoms of a food-borne illness until November 30, 2016.

9.      On December 1, 2016, Plaintiff reported to medical staff "I am fine now get me outta here!"

3

10. On December 2, 2016, Plaintiff again reported to medical staff "I'm good."

11. The entirety of Plaintiff's illness lasted approximately 8 to 12 days.

12. Plaintiff was incarcerated at USP Lewisburg throughout the duration of his food-borne illness episode.

13. Medical professionals at USP Lewisburg provided treatment to Plaintiff for his food-borne illness symptoms.

### D. DAMAGES

(**1**) **Principal injuries sustained**: stomach cramping and discomfort, diarrhea, and nausea.

(**2**) **Hospitalization and convalescence:** None.

(**3**) **Present disability:** None.

(**4**) **Special Monetary Damages, Loss of Past Earnings, Medical Expenses, Property Damages, Etc.:** None.

(**5**) **Estimated Value of Pain and Suffering:** Plaintiff claims pain and suffering damages.

(**6**) **Special damage claims:** None.

4

**E.    NAMES AND ADDRESSES OF WITNSSES, ALONG WITH THE SPECIALITIES AND QUALIFICATIONS OF EXPERTS TO BE CALLED:**

1.    Kenneth Roshaun Reid, Plaintiff

2.    Kevin Pigos, M.D., USP Lewisburg Physician.  Dr. Pigos is one of the medical professionals who provided treatment to Plaintiff for his symptoms in November 2016.  He can be contacted through Defendant's counsel.  Dr. Pigos' testimony will likely include the following topics: the salmonella illness outbreak at USP Lewisburg in November 2016, the signs, symptoms and duration of salmonella bacteria poisoning, Plaintiff's medical records, the extent of injuries and discomfort sustained by Plaintiff, and the degree to which any of Plaintiff's complaints can be attributed to this particular event.

3.    Jessie Ayers, Physician Assistant at USP Lewisburg.  PA Ayers is one of the medical professionals who provided treatment to Plaintiff for his symptoms in November 2016.  She can be contacted through Defendant's counsel.  PA Ayers is able to testify to the same topics as Dr. Pigos if he is unavailable for trial.

4.    Any witnesses listed by Plaintiff and any rebuttal witnesses, as needed

**F.    SUMMARY OF TESTIMONY OF EACH EXPERT WITNESS**

None

**G.    SPECIAL COMMENT ABOUT PLEADINGS AND DISCOVERY**

The pleadings are closed and discovery is completed.

H.   **SUMMARY OF LEGAL ISSUES INVOLVED AND LEGAL AUTHORITIES RELIED UPON**

The FTCA authorizes inmates "to recover damages from the United States Government for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee." *United States v. Muniz*, 374 U.S. 150, 150 (1963).   This Court must apply the Pennsylvania law of negligence to the issues of this case because the tortious conduct took place at USP Lewisburg, which is located in Pennsylvania. *Montaperto v. Split Rock Resort*, 765 F. Supp. 852, 854 (M.D. Pa. 1991).

"A claim for negligence under Pennsylvania law contains four elements: (1) a duty or obligation recognized by the law, requiring the actor to conform to a certain standard of conduct for the protection of others against unreasonable risks; (2) a failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting in harm to the interests of another." *Northwestern Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 139 (3d Cir. 2005); *see also Cooper v. Frankford Health Care System*, 960 A.2d 134, 140 n.2 (Pa. Super. 2008).   Because the United States has conceded liability, the only issue remaining for the Court is the appropriate amount of damages.

As a federal inmate, Plaintiff's food borne illness did not cause him to incur any medical expenses, lost wages, or other special damages.   As result, his recovery is "limited to his intangible damages for pain and suffering, inconvenience, and loss of capacity for enjoyment of life." *Brinson v. United States*, Civ. No. 3:12-1451, 2015 WL 3883582, at *3 (M.D. Pa. June 24, 2015) (Brann, J.) (awarding $300 to inmate following food poisoning symptoms that lasted 7 days), quoting *Gil v. United States*, Civ. No. 5:03-198, 2006 WL 385088, at *3 (M.D. Fl. Feb. 17, 2006) (awarding $150 to inmate following food poisoning symptoms that lasted 3 days); *see also McManamon v. Washko*, 906 A.2d 1259, 1281-82 (Pa. Super. 2006) (citing Pa. R. Civ. P. 223.3, which allows damages recovery for noneconomic losses consisting of "(1) pain and suffering; (2) embarrassment and humiliation; (3) loss of ability to enjoy the pleasures of life; and (4) disfigurement").

There are a few recent and directly comparable cases from this district.   In 2011, a similar salmonella-poisoning outbreak occurred at U.S. Penitentiary Canaan. Although the United States conceded liability, the parties were unable to settle three of the USP Canaan salmonella cases, which went to trial.   All three verdicts were subsequently affirmed by the Third Circuit.

7

1. **<u>Brinson v. United States</u>**, Civ. No. 3:12-1451, 2015 WL 3883582 (M.D. Pa. June 24, 2015) (Brann, J.) (attached), <u>aff'd</u> 634 Fed. App'x 352 (3d Cir. 2016) (awarding $350 for pain and suffering to an inmate who experienced salmonella poisoning that lasted approximately 7 days).

2. **<u>Rhines v. United States</u>**, Civ. No. 3:12-1601, 2016 WL 3671149 (M.D. Pa. July 11, 2016) (Caputo, J.) (attached), aff'd 677 Fed. App'x 34 (3d Cir. 2017) (awarding $3,000 following salmonella poisoning with symptoms that "continued over three weeks")

3. **<u>LeGrand v. United States</u>**, Civ. No. 3:12-0743, 2016 WL 4611540 (M.D.Pa. Sept. 6, 2016) (Mannion, J.) (attached), aff'd 698 Fed. App'x 352 (3d Cir. 2017) (awarding $2,500 following salmonella poisoning that lasted for "approximately 2-3 weeks")

These three comparable M.D.Pa. salmonella cases are attached to Defendant's pre-trial memorandum.[1]  In this case, Plaintiff's food borne illness symptoms appear to have lasted for approximately 8 to 12 days, longer than *Brinson* ($350) but less than *Legrand* ($2,500) and *Rhines* ($3,000).

Under the FTCA, Plaintiff cannot recover more than the amount set forth in his administrative tort claim, which sought $30,000.  28 U.S.C. § 2675(b).  Plaintiff may also not recover pre-judgment interest or punitive damages.  28 U.S.C. § 2674.

---

[1] In addition to being instructive, some courts have expressly considered awards in similar cases when awarding damages in FTCA cases.  *See, e.g., Arpin v. United States*, 521 F.3d 769, 776 (7th Cir. 2008) (noting that when awarding damages in an FTCA bench trial, "[t]he judge should have considered awards in similar cases" because "[t]he policy of permitting such comparison evidence is based, as suggested above, on the requirement in Fed.R.Civ.P. 52(a) that judges explain their reasoning").

## I.   STIPULATIONS

The United States requests stipulations as to the authenticity and admissibility of its 4 trial exhibits: (1) the applicable portions of plaintiff's medical records, (2) plaintiff's SF-95 administrative claim, (3) plaintiff's complaint, and (4) plaintiff's interrogatory responses.

The United States also requests stipulations of the facts set forth in Section C of this pre-trial memorandum (titled "Comprehensive Statement of Proposed Undisputed Facts").

## J.   ESTIMATED NUMBER OF TRIAL DAYS

One-half day.

## K.   ANY OTHER PERTINENT MATTER

Plaintiff will be appearing for trial via video from U.S. Penitentiary Atwater in California.  Due to the three-hour time difference and to accommodate staff at USP Atwater, the Bureau of Prisons requests that the trial commence no earlier than 11:00 a.m. EST (8:00 a.m. PST) on Monday, November 4, 2019.

Plaintiff will require expert testimony to substantiate any claimed long-term effects related to his salmonella poisoning.  Fed. R. Evid. 701.  Plaintiff does not have an expert.

**L.    EXHIBIT LIST**

Defendant's Trial Exhibit List is attached as an exhibit to this pre-trial memorandum.

**M.    SPECIAL VERDICT QUESTIONS**

Not applicable.

**N.  SETTLEMENT AUTHORITY CERTIFICATE**

The undersigned hereby certifies that persons with settlement authority have been notified of the requirements of and possible sanctions under Local Rule 16.2.

**O.    LOCAL RULE 30.10 CERTIFICATION REGARDING DEPOSITION OBJECTIONS, IRRELEVANCIES AND SIDE COMMENTS**

Not applicable.

**P.    FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Defendant's proposed findings of fact and conclusions of law are attached as an exhibit to this pre-trial memorandum.

Respectfully submitted,

DAVID J. FREED
United States Attorney

/s/ Samuel S. Dalke
Samuel S. Dalke
Assistant United States Attorney
PA 311803
Michele E. Lincalis
Supv. Paralegal Specialist
316 Federal Building
240 West Third Street
Williamsport, PA 17701
Phone:  717-221-4482
Fax: 717-221-4493
Samuel.S.Dalke@usdoj.gov

Date:  October 1, 2019

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENNETH ROSHAUN REID,** | : | **No. 1:18-CV-0084** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **(Rambo, J.)** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| **Defendant** | : | **Filed Electronically** |

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.  That on October 1, 2019, she served a copy of the attached

## DEFENDANT'S PRETRIAL MEMORANDUM

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania:

Kenneth Roshaun Reid
Reg. No. 11485-171
USP Atwater
P.O. BOX 019001
Atwater, CA  95301

and by electronic service pursuant to Local Rule 5.7 and Standing Order 05-6, ¶12.2 to the following individual(s):

John F. Mizner, Esquire
Mizner Law Firm
311 West Sixth Street
Erie, PA 16507
jfm@miznerfirm.com


/s Michele E. Lincalis
Michele E. Lincalis
Supv. Paralegal Specialist