# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH ROSHAUN REID,<br>    Plaintiff<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br>    Defendant | No. 1:18-cv-84<br><br>(Judge Rambo) |

## **MEMORANDUM**

On January 11, 2018, Plaintiff Kenneth Roshaun Reid ("Plaintiff"), then proceeding *pro se*,[1] initiated the above-captioned case by filing a complaint pursuant to the Federal Tort Claims Act ("FTCA"), for injuries suffered after contracting salmonella while he was incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg"). (Doc. No. 1.) The Government conceded liability; accordingly, the Court held a bench trial on November 4, 2019, regarding the issue of damages. This Memorandum reflects the Court's findings of fact and conclusions of law in accordance with Rule 52(a) of the Federal Rules of Civil Procedure.

---

[1] In an Order dated September 26, 2019, the Court construed a letter from Plaintiff as a motion to appoint counsel, granted the motion, and appointed attorney John Mizner to represent Plaintiff. (Doc. No. 28.) The Court appreciates attorney Mizner's willingness to represent Plaintiff in this matter.

**I.    FINDINGS OF FACT**

1. This is a tort action against the United States of America alleging negligence by employees of the Federal Bureau of Prisons.

2. While incarcerated at USP Lewisburg, Plaintiff fell ill from November 18, 2016 through November 28, 2016 as a result of a food-borne illness.

3. Plaintiff experienced food poisoning symptoms such as vomiting, abdominal pain, cramping, dizziness, chills, aches, diarrhea, nausea, and headaches.

4. As a result of his illness, Plaintiff was treated by the medical staff at USP Lewisburg with liquids and metronidazole, an antibiotic. Plaintiff was also required to provide a stool sample to assist medical staff with diagnosing the cause of his illness.

5. Plaintiff was placed into a quarantine housing unit by officials at USP Lewisburg on November 27, 2016. He was released from quarantine on December 2, 2016.

6. It is likely that Plaintiff's illness during this time was caused by exposure to salmonella bacteria.

7. The entirety of Plaintiff's illness lasted twelve (12) days.[2]

---

[2] By November 28 and 29, 2016, Plaintiff reported that he was starting to feel better, and his medical records note improvement from the previous days. Plaintiff continued to report some symptoms of a food-borne illness until November 30, 2016.

8. The United States of America has conceded its liability for Plaintiff's illness and injury.

## II. CONCLUSIONS OF LAW

1. Plaintiff filed the above-captioned case pursuant to the FTCA, 28 U.S.C. § 2671 *et seq.*

2. The FTCA authorizes inmates "to recover damages from the United States Government for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee." *United States v. Muniz*, 374 U.S. 150, 150 (1963).

3. This Court must apply Pennsylvania's law of negligence to the issues posed in this matter because the tortious conduct occurred at USP Lewisburg, which is located in Pennsylvania. *Montaperto v. Split Rock Resort*, 765 F. Supp. 852, 854 (M.D. Pa. 1991); *see also Thomas v. United States*, 558 F. Supp. 2d 553, 560 (M.D. Pa. 2008).

4. "A claim for negligence under Pennsylvania law contains four elements: (1) a duty or obligation recognized by the law, requiring the actor to conform to a certain standard of conduct for the protection of others against unreasonable risks; (2) a failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or

damage resulting in harm to the interests of another." *Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 139 (3d Cir. 2005); *see also Cooper v. Frankford Health Care Sys.*, 960 A.2d 134, 140 n.2 (Pa. Super. 2008).

5. Because the United States of America has conceded liability, the only issue remaining for the Court is the appropriate amount of damages.

6. As an inmate, Plaintiff's recovery is "limited to his intangible damages for pain and suffering, inconvenience, and loss of capacity for enjoyment of life." *Brinson v. United States*, 3:12-cv-1451, 2015 WL 3883582, at *3 (M.D. Pa. June 24, 2015) (quoting *Gil v. United States*, 5:03-cv-198, 2006 WL 385088, at *3 (M.D. Fla. Feb. 17, 2006); *see also McManamon v. Washko*, 906 A.2d 1259, 1281-82 (Pa. Super. 2006) (citing Pa. R. Civ. P. 223.3).

7. Under the FTCA, Plaintiff may not recover pre-judgment interest or punitive damages. 28 U.S.C. § 2674.

8. This Court is guided by the Middle District of Florida's decision in *Gil*, cited by the Honorable Matthew W. Brann in *Brinson*. While not binding authority, *Gil* is persuasive because it is a case involving facts similar to those at hand. In that matter, the Middle District of Florida awarded the plaintiff, a federal inmate who incurred damages from food poisoning at a federal penitentiary, $50.00 per day for an illness that "did not cause him to incur any medical expenses, lost wages, or other

special damages" as he was a federal inmate, but was "limited to his intangible damages for pain and suffering, inconvenience, and loss of capacity for enjoyment of life." *Gil*, 2006 WL 385088, at *3.

9. Likewise, this Court concludes that, after considering all the testimony and evidence at trial by a preponderance of the evidence that Plaintiff did not incur medical expenses, lost wages, or other special damages as a result of the negligent salmonella poisoning. However, Plaintiff did experience pain and suffering for a maximum of twelve (12) days. Therefore, the Court will award Plaintiff $50.00 per day for twelve (12) days of illness for a total damages award of $600.00.

## III. CONCLUSION

For the foregoing reasons, the Court will enter judgment in favor of Plaintiff and against the United States of America. Plaintiff will be awarded $600.00 in damages as a result of the negligent salmonella poisoning. A appropriate Order follows.

s/Sylvia H. Rambo<br>
Sylvia H. Rambo<br>
United States District Judge

Dated: November 5, 2019